# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**BRANDON Q. GALES**                                                      **PETITIONER**

**V.**                                                    **NO. 4:15-CV-154-DMB-DAS**

**SUPT. EARNEST LEE, et al.**                                            **RESPONDENTS**

## ORDER DENYING MOTION TO DISMISS

Before the Court is a petition for writ of habeas corpus, filed under 28 U.S.C. § 2254, by Brandon Q. Gales.

## I
## Procedural Background

In February 2013, Gales was convicted of conspiracy and armed robbery in the Circuit Court of Washington County, Mississippi. Doc. #13-1. Gales was sentenced to a five year term for conspiracy and a concurrent term of life for armed robbery. *Id.* Gales appealed his convictions to the Mississippi Supreme Court, which, on October 9, 2014, affirmed the convictions. *Gales v. State*, 153 So.3d 632, 637 (Miss. 2014) (rehearing denied Jan. 15, 2015).

On October 16, 2015, Gales filed a petition for a writ of habeas corpus. Doc. #1. As grounds, Gales argues that: (1) the trial court erred by refusing to suppress the fruits of an impermissible stop and an unreasonable warrantless search of his person (Ground One); (2) the trial court erred by refusing to suppress statements he made to Officer Thomas before being properly Mirandized, overruling his objection to narration by the state's witness of a surveillance video, and by refusing to grant his motion to set aside the jury verdict as against the overwhelming weight of evidence (Ground Two); (3) his convictions violated the Double Jeopardy Clause of the Fifth Amendment (Ground Three); and (4) he was denied effective assistance of counsel (Ground Four). *Id.* (citing 153 So.3d at 632).

On March 2, 2016, the respondents moved to dismiss the petition, asserting as grounds Gales' failure to exhaust Ground Three and Ground Four of his petition. Doc. #13. In the alternative, respondents seek an order requiring Gales to "submit an amended petition containing only those claims that have been fairly presented to the state court." *Id.* at 5. On March 24, 2016, Gales responded to the motion to dismiss, arguing that Grounds Three and Four "Can be Addressed by this Court or dismissed in order For him to Exhaust these Claims in State's [sic] Court." Doc. #14 (unnumbered at 3).

## II
## Discussion

The Antiterrorism and Effective Death Penalty Act provides that a federal court may not grant habeas relief unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1)(A). Under the exhaustion rule, "a petitioner must 'fairly present[ ]' his legal claim to the highest state court in a procedurally proper manner." *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (quoting *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)). The petitioner must exhaust the available state remedies for every ground in his petition, or the entire petition will be dismissed. *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996).

As an initial matter, the respondents concede that Gales exhausted Grounds One and Two of his petition. Doc. #13 at 4. The record shows, however, that Gales did not present Ground Three or Four to the Mississippi Supreme Court on the direct appeal of his convictions, and the respondents represent that "[a]s of [March 2, 2016], Gales has not filed an application for permission to proceed with a motion for post-conviction collateral relief pursuant to Miss. Code Ann. §99-39-1 [sic], *et seq.*"[1] Doc. #13 at 3. Accordingly, Gales failed to exhaust Grounds Three and Four.

---

[1] In his response, Gales argues that "his claim of double jeopardy is stated in his trial transcript …." Doc. #14 at 3. Additionally, Gales' petition notes that the double jeopardy issue was "brought up" in his direct appeal. Doc. #1 at 8. The referenced section of Gales' brief states that "[a]fter the State rested, the defense argued for a directed verdict on all

2

Regarding petitions containing both exhausted and unexhausted grounds, "a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *accord Pliler v. Ford*, 542 U.S. 225, 230 (2004) ("[F]ederal district courts must dismiss mixed habeas petitions."). However, dismissal of the petition may preclude later refiling because the statute of limitations under 28 U.S.C. § 2244(d) continues to run even during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). If dismissing a habeas petition would "unreasonably impair" the petitioner's right to habeas relief, the Court may grant leave for the petitioner to amend his mixed petition to delete the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) ("[T]he [district] court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."). In such cases, "[t]o prevent a petitioner from having to refile his petition—and to ensure he does not become ensnared by the limitations period of 28 U.S.C. § 2244(d)—the court normally permits him to voluntarily dismiss the unexhausted claims and proceed on the exhausted ones." *Campbell v. Buscher*, No. 1:14CV138-SA-DAS, 2015 WL 3450473, at *2 (N.D. Miss. May 29, 2015).

---

counts, and more specifically, regarding the two charges of armed robbery and conspiracy. Counsel argued that the two charges were the same, and the judge dismissed Count I, finding the charges to be the same under **Blockburger**." Doc. #13-2 at 7 (citations omitted). Beyond this procedural history, Gales did not brief the issue of double jeopardy in his appellate brief and the Mississippi Supreme Court did not address it. This fleeting mention, which is not framed as an assertion of error, is insufficient to present fairly the issue. *See Newby v. Thaler*, No. G-09-282, 2010 WL 2991243, at *7 (S.D. Tex. June 7, 2010) ("The mere mention of this issue in a single sentence of the 'Conclusion' is hardly sufficient to be considered a 'fair presentment' of this issue to the state court.") (collecting cases).

Additionally, Gales cites *Shute v. Texas*, 117 F.3d 233 (5th Cir. 1997), for the proposition that the "Exhaustion Requirement was satisfied because Petitioner did not Raise double Jeopardy claim on direct Appeal, but did Raise claim in pretrial state habeas writ, And claim also Reviewed twice by state Court Of Appeals." Doc. #14 at 4. In *Shute*, the petitioner twice raised his double jeopardy claim before the Texas Court of Criminal Appeals, *id.* at 237, which is the court of last resort for all criminal matters in the State of Texas. As noted, Gales did not raise his claim of double jeopardy before the Mississippi Supreme Court.

Gales has indicated that he is willing to delete his unexhausted claims. Accordingly, the Court will grant Gales twenty-one (21) days from the date of this order to amend his petition to delete the unexhausted claims (Grounds Three and Four) if he so desires, and to proceed to the merits of the remaining grounds.

### III
### Conclusion

For the reasons above, the respondents' motion to dismiss [13] is **DENIED**. Gales may, within twenty-one (21) days from the date of this order, amend his petition to delete Grounds Three and Four.

**SO ORDERED**, this 12th day of December, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**